BLD-066                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3442
_____

IN RE: HARRY DEAN COLYER,
                                                            Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Western District of Pennsylvania
(Related to W.D. Pa. Civ. No. 3-14-cv-00066)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November 24, 2015
Before:  FUENTES, KRAUSE and SCIRICA, Circuit Judges

(Filed: December 16, 2015)
_____

OPINION[*]
_____

PER CURIAM

    Harry Dean Colyer is a Pennsylvania prisoner proceeding pro se.  In April 2014,

Colyer filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the

United States District Court for the Western District of Pennsylvania.  The matter was

assigned to a Magistrate Judge who ordered the Commonwealth to show cause why the

writ should not be granted.  See Rule 4 of the Rules Governing Section 2254 Cases.  The

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Commonwealth submitted its answer in June 2014, and Colyer submitted a reply the following month.

In October 2015, Colyer filed the present petition for writ of mandamus asking this Court to compel the District Court to rule on his habeas petition.[1] Shortly after the mandamus petition was docketed here, the Magistrate Judge issued a report recommending that the petition be denied.[2] As of the date of this opinion, the District Court has not yet ruled on the petition.

Our jurisdiction derives from 28 U.S.C. § 1651, which grants us the power to "issue all writs necessary or appropriate in aid of (our) . . . jurisdiction and agreeable to the usages and principles of law." A writ of mandamus is an extreme remedy that is invoked only in extraordinary situations. See Kerr v. U.S. Dist. Court, 426 U.S. 394, 402 (1976). An appellate court may issue a writ of mandamus when an "undue delay is tantamount to a failure to exercise jurisdiction," Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded in part on other grounds by 3d Cir. L.A.R. 24.1(c), but a district court generally retains discretion over the manner in which it controls its docket, In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982).

---

[1] Colyer initially filed this mandamus petition in the United States District Court for the Western District of Pennsylvania. The District Court subsequently transferred it here. See 28 U.S.C. § 1631.

[2] The Magistrate Judge also denied a letter-motion that Colyer addressed to the District Court Clerk in March 2015 requesting a "more timely disposition" of his petition. (Mot. 1, ECF No. 7.)

We recognize Colyer's concern that no action had been taken in his case for over a year. However, given that the Magistrate Judge has now issued a Report and Recommendation, we are confident that the District Court will review the Report and Recommendation and adjudicate the habeas petition in a timely manner. See 28 U.S.C. § 636(b)(1). Therefore, we conclude that our intervention is not warranted at this time.

Accordingly, we will deny the mandamus petition.